# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-286V
Filed: November 22, 2016
UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * *
EMILY CLAIRE FONTENOT              *
QUIBODEAUX, as legal representative *
Of the estate of her son, R.H.Q.,  *
                                   *
                  Petitioner,      *
v.                                 *    Joint Stipulation on Damages;
                                   *    Encephalopathy; Death;
SECRETARY OF HEALTH                *    Special Processing Unit ("SPU")
AND HUMAN SERVICES,                *
                                   *
                  Respondent.      *
                                   *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Milton Clay Ragsdale, IV*, Ragsdale LLC, Birmingham, AL, for petitioner.
*Voris Johnson*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

**Dorsey**, Chief Special Master:

      On February 29, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that R.H.Q. suffered an encephalopathy and passed away as a result of receiving diphtheria-tetanus-acellular pertussis ("DTaP"), hepatitis B ("hep B"), inactivated poliovirus ("IPV"), Haemophilus influenza type b ("Hib"), pneumococcal conjugate ("PCV"), and rotavirus vaccines on February 25, 2013. Petition at 1-3; Stipulation, filed November 21, 2016, at ¶¶ 1-4. Petitioner further alleges that R.H.Q.'s death on December 20, 2014, was the sequela of his vaccine-related injury and that there has been no prior award or settlement of a civil action for damages on behalf of R.H.Q. as a result of his alleged injury and/or death. Petition at 4; Stipulation at ¶¶ 4-5. "Respondent denies that the DTaP, hep B, IPV, Hib, PCV or

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

rotavirus vaccines caused R.H.Q.'s alleged encephalopathy and death, or any other injury. " Stipulation at ¶ 6.

Nevertheless, on November 21, 2016, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

- **A lump sum of $275,000.00 in the form of a check payable to petitioner, as legal representative of the estate of R.H.Q., which amount represents compensation for all damages that would be available to petitioner under 42 U.S.C. § 300aa-15(a); and**

- **A lump sum of $47,915.93, which amount represents compensation for reimbursement of a State of Louisiana Medicaid lien, in the form of a check payable jointly to petitioner and Louisiana Healthcare Connections, 5615 High Point Drive, Suite 100, Irving, Texas 75038, with reference to Case No. 109989.**

Stipulation at ¶ 8. Petitioner agrees to endorse this payment to the State. *Id*.

The undersigned approves the requested amount for petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

_____
                                                    )
EMILY CLAIRE FONTENOT QUIBODEAUX,                   )
as legal representative of the estate               )
of her son, R.H.Q.,                                 )
                                                    )
              Petitioner,     )
                                                    ) No. 16-286V **(ECF)**
v.                                                  ) Chief Special Master Dorsey
                                                    )
SECRETARY OF HEALTH                                 )
AND HUMAN SERVICES,                                 )
                                                    )
              Respondent.     )
_____)

## **STIPULATION**

The parties hereby stipulate to the following matters:

1.    Emily Claire Fontenot Quibodeaux ("petitioner"), as legal representative of the estate of her deceased son, R.H.Q., filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries to, and the death of, R.H.Q. allegedly caused by his receipt of diphtheria-tetanus-acellular pertussis ("DTaP"), hepatitis B ("hep B"), inactivated poliovirus ("IPV"), Haemophilus influenzae type b ("Hib"), pneumococcal conjugate ("PCV") and rotavirus vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2.    R.H.Q. received the DTaP, hep B, IPV, Hib, PCV and rotavirus vaccines on February 25, 2013.

3.    The vaccines were administered within the United States.

4.    Petitioner alleges that as a result of receiving the above-referenced vaccines,

R.H.Q. suffered an encephalopathy. R.H.Q. passed away on December 20, 2014. Petitioner further alleges that R.H.Q's death was the sequela of his vaccine-related injury.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of R.H.Q. as a result of his alleged injury and/or death.

6. Respondent denies that the DTaP, hep B, IPV, Hib, PCV or rotavirus vaccines caused R.H.Q's alleged encephalopathy and death, or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

    a. A lump sum of $275,000.00 in the form of a check payable to petitioner, as legal representative of the estate of R.H.Q., which amount represents compensation for all damages that would be available to petitioner under 42 U.S.C. § 300aa-15(a); and,

    b. A lump sum of $47,915.93, which amount represents compensation for reimbursement of a State of Louisiana Medicaid lien, in the form of a check payable jointly to petitioner and Louisiana Healthcare Connections, 5615 High Point Drive, Suite 100, Irving, Texas 75038, with reference to Case No. 109989. Petitioner agrees to endorse this payment to the State.

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding

2

upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act, 42 U.S.C. § 1396 et seq.), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of the estate of R.H.Q. under the laws of the State of Louisiana. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as legal representative of the estate of R.H.Q. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the estate of R.H.Q. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the estate of R.H.Q. upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and as legal representative of the estate of R.H.Q, on behalf of herself, R.H.Q. and his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the Secretary of Health and Human Services

and the United States of America from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to, or death of, R.H.Q. resulting from, or alleged to have resulted from, the DTaP, hep B, IPV, Hib, PCV and rotavirus vaccines administered to R.H.Q. on February 25, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about February 25, 2016, in the United States Court of Federal Claims as petition No. 16-286V.

14.     If the special master fails to issue a decision in complete conformity with the terms of this Stipulation, or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15.     This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16.     This Stipulation shall not be construed as an admission by the United States of

America or the Secretary of Health and Human Services that R.H.Q.'s alleged encephalopathy and subsequent death, or any other injury, were caused-in-fact by the DTaP, hep B, IPV, Hib, PCV and/or rotavirus vaccines.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, successors and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

_____
EMILY CLAIRE FONTENOT QUIBODEAUX

**ATTORNEY OF RECORD FOR PETITIONER:**

_____
M. CLAY RAGSDALE
Ragsdale L.L.C.
517 Beacon Parkway West
Birmingham, AL 35209
(205) 290-6800

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

_____
CATHARINE E. REEVES
Acting Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

_____
NARAYAN NAIR, M.D.
Director, Division of Injury
  Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
  and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

Dated: 11/21/16

**ATTORNEY OF RECORD FOR RESPONDENT:**

_____
VORIS E. JOHNSON, JR.
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4136